UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANN COLLETTI** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-4285** |
| **UNITED PROPERTY & CASUALTY INSURANCE COMPANY** | **SECTION "B"(4)** |

### ORDER AND REASONS

The Court finds it lacks subject-matter jurisdiction over this action, which was removed to this Court from the Twenty-Fourth Judicial District Court for the Parish of Jefferson on the basis of diversity subject-matter jurisdiction. Plaintiff Ann Colletti's ("Plaintiff") post-removal addition of the Louisiana Insurance Guaranty Association ("LIGA") as a party defendant in this action destroys complete diversity of citizenship between the parties. Accordingly, **IT IS HEREBY ORDERED** that the above-captioned action be **REMANDED** to the Twenty-Fourth Judicial District Court for the Parish of Jefferson.

### BACKGROUND

This is a property insurance dispute arising from damage caused by Hurricane Ida in August 2021.[1] Plaintiff brought this action against United Property & Casualty Insurance Company ("United") in the Twenty-Fourth Judicial District Court for the Parish of Jefferson.[2] United[3] removed the action on October 28, 2022, on the basis of diversity subject-matter jurisdiction.[4] The Court stayed and administratively closed the case when United was declared insolvent and placed into liquidation by the Second Judicial Circuit Court for Leon County,

---

[1]  R. Doc. 1.
[2]  R. Doc. 1-2.
[3]  The notice of removal was filed by Family Security Insurance Company, R. Doc. 1, which was merged into United, with United being the surviving entity post-merger, *see* R. Doc. 12 at p. 1 n. 1; *see also* R. Doc. 12-1 at p. 8 ¶ 20.
[4]  R. Doc. 1.

Florida.[5]  Following United's liquidation, Plaintiff moved to lift the stay and sought leave to file an amended complaint adding LIGA as a party defendant to this action.[6]  The Court granted Plaintiff's motion,[7] and on January 5, 2024, Plaintiff filed her first Amended Complaint (R. Doc. 16) naming LIGA as a defendant in this action.[8]

The Court ordered the parties to submit memoranda addressing the implications of adding LIGA as a party defendant on this Court's diversity subject-matter jurisdiction.[9]  Both Plaintiff[10] and LIGA[11] have filed memoranda.

Plaintiff primarily argues that this Court had diversity subject-matter jurisdiction over this action when it was removed, and post-removal developments do not affect the Court's jurisdiction.[12]  Thus, despite LIGA, a non-diverse defendant,[13] being added to this action post-removal, Plaintiff says this "action should stay in federal court as determined by 28 U.S.C. [§] 1334 and relevant case law."[14]

Conversely, LIGA asserts that its addition as a party defendant "destroyed the complete diversity of citizenship of the parties" because LIGA "is deemed to be a citizen of Louisiana, just

---

[5] R. Doc. 13.
[6] R. Doc. 14.
[7] R. Doc. 15.  **To the extent this action appears administratively closed, it is hereby reopened to process the instant remand order and further proceedings.**
[8] R. Doc. 16.
[9] R. Doc. 15.
[10] R. Doc. 18.
[11] R. Doc. 17.
[12] *See* R. Doc. 18 at pp. 2–3.  In response to Plaintiff's argument, while *most* post-removal developments—i.e., amendment of pleadings to below the jurisdictional amount of $75,000 or a party's change of citizenship during the pendency of an action—will not destroy the Court's diversity subject-matter jurisdiction, addition of a non-diverse defendant will.  *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 180–81 (5th Cir. 1987) (citations omitted) (collecting cases). *See also* further discussion *supra*.
[13] *See* discussion *supra*.
[14] R. Doc. 18 at p. 3.

as is Plaintiff."[15]  Accordingly, says LIGA, because "there is not complete diversity of citizenship supplying this Court with [subject-matter] jurisdiction . . . this action must be remanded."[16]  We agree with LIGA.

## LAW AND ANALYSIS

Under 28 U.S.C. § 1332(a), federal district courts have diversity subject-matter jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interests and costs.  28 U.S.C. § 1332(a).  Section 1332(a)'s requirement that the civil action be "between citizens of different states" for diversity subject-matter jurisdiction to exist is referred to as the complete diversity requirement.  "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."  *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). (quoting *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968)).

For purposes of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of removal. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989); *Tex. Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000) (citation omitted). Once jurisdiction is properly established, subsequent events will **generally** not divest the court of jurisdiction. *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).  Nevertheless, the addition of a nondiverse party is one event that defeats jurisdiction. *Hensgens*, 833 F.2d at 1181 (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)).  As explained by the Supreme Court, "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to

---

[15] R. Doc. 17 at 2.
[16] *Id*. at 2–3.

determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007). When a plaintiff's amendment after removal would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies, which provides that, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may . . . permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); *see also Cobb v. Delta Exps., Inc.*, 186 F.3d 675, 677 (5th Cir. 1999) ("[P]ost-removal joinder of non-diverse defendants pursuant to Fed. R. Civ. P. 19 destroys diversity for jurisdictional purposes and requires remand, even when the newly joined defendants are not indispensable.").

Here, the filing of Plaintiff's Amended Complaint destroys this Court's diversity subject-matter jurisdiction under 28 U.S.C. § 1332, because the addition of LIGA as a party defendant destroys complete diversity. Plaintiff is a citizen of Louisiana.[17] LIGA is also a citizen of Louisiana. LIGA "has the citizenship . . . of each of its constituent member insurers." *Temple Drilling Co. v. La. Ins. Guar. Ass'n*, 946 F.2d 390, 394 (5th Cir. 1991). While Plaintiff does not specifically allege the citizenship of LIGA's constituent member insurers in her Amended Complaint (R. Doc. 16), other sections of this Court have concluded that a constituent member of LIGA has Louisiana citizenship; thereby, LIGA adopts the citizenship of Louisiana. *See, e.g., Soza*, 2023 WL 2770125, at *5 (Vitter, J.); *Andry v. United Property and Casualty Ins.*, No. 22-4544, 2023 WL 6442866, at *1 (E.D. La. Oct. 3, 2023) (Fallon, J.); *McDonald v. United Prop. & Cas. Ins. Co.*, No. 22-3757, 2023 WL 6464772, at *2 (E.D. La. Oct. 4, 2023) (Morgan, J.); *14th*

---

[17] For purposes of diversity subject-matter jurisdiction, "[c]itizenship for an individual is synonymous with the person's domicile." *English v. Aramark Corp.*, 858 F. App'x 115, 116 (5th Cir. 2021) (citing *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 n. 6 (5th Cir. 2009)). Plaintiff owns property in and resides Jefferson Parish, Louisiana. *See* R. Doc. 16 at p. 1 ¶ 3; *see also* R. Doc. 1 at p. 3 ¶ 16. Thus, upon information and belief, Plaintiff is also domiciled in Jefferson Parish, thereby making Plaintiff a citizen of Louisiana.

*St. Properties, LLC v. S. Fid. Ins. Co.*, No. 22-1593, 2023 WL 416317, at *1 (E.D. La. Jan. 26, 2023) (Brown, C.J.); *Soza v. S. Fid. Ins. Co.*, No. 22-985, 2023 WL 315948, at *1 n.3 (E.D. La. Jan. 19, 2023) (Ashe, J.).

"Because the Court . . . grant[ed] [Plaintiff's] . . . Motion for Leave and allow[ed] Plaintiff[] to amend [her] original Petition to name LIGA, a nondiverse defendant, § 1447(e) requires this Court to remand the matter to [state court], for lack of subject matter jurisdiction." *Soza v. S. Fid. Ins. Co.*, No. 22-1400, 2023 WL 2770125, at *5 (E.D. La. Apr. 4, 2023).

New Orleans, Louisiana this 30th day of January, 2024

_____
SENIOR UNITED STATES DISTRICT JUDGE